# ▯ORIGINAL

Jabbar Sachet Al-Khafagi #10877333
3405 Deer Park Drive SE
Salem, OR 97310
    Plaintiff, *pro se*

FILED '7 FEB '20 10:49USDC-ORP

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JABBAR SACHET AL-KHAFAGI, | ) |
|  | ) Case No. 2:19-CV-00669-MO |
| Plaintiff, | ) |
|  | ) |
| vs. | ) **PLAINTIFF'S OPPOSITION TO** |
|  | ) **DEFENDANT'S MOTION TO DISMISS** |
| CHARLES C. SUNG, ET AL, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

## I.    Introduction

Plaintiff is a state prisoner who filed suit under 42 USC. § 1983 alleging that Defendants, state prison officials acts and omissions of the have subjected and continue to subject him to cruel and unusual punishment and denial of due process, in violation of the Eighth and Fourteenth Amendments to the United States Constitution, Plaintiff seeks monetary damages to be determined, declaratory judgment and injunctive relief. Plaintiff requests a trial by jury and seeks an award of reasonable costs and attorneys' fees pursuant to 42 USC § 1988.

Defendants move for dismissal of Plaintiff's claims against Dr. Charles Sung under Fed R Civ P 12(c) on the ground that any claim against Dr. Sung is "time-barred under the applicable two-year statute of limitations, *or alternatively*, under Rule 12(b)(2), because this Court does not have personal jurisdiction over Dr. Sung." Defendant's motion should be denied. When properly

analyzed, Plaintiff's claim is timely because this action was filed within two years from the date

when the last element of his claim ripened and the cause of action accrued.

## II.    BACKGROUND

### A.    Factual background.

In his Complaint, Plaintiff alleges that the Oregon Department of Corrections, (ODOC)

referred Plaintiff to Defendant SUNG, a contract medical doctor for a procedure on his left eye at

Defendant Sung's medical clinic in Kennewick, WA. (Complaint, p 4). Plaintiff alleged that on

May 2, 2016 Defendant SUNG performed cataract surgery and was seen by him in follow-up

care until April 2, 2017. (*Id*). Plaintiff went on to allege that Defendant SUNG performed

additional surgery on his left eye on April 2, 2017. Dr. Sung performed a vitrectomy surgery on

his left eye. (*Id.* at 5). During that surgery, Plaintiff alleged that during the April 2, 2017 surgery

Defendant Sung did not administer any type of anesthesia and placed his elbow on Plaintiff's

forehead and kept it there despite being informed that he was causing Plaintiff extreme pain. (*Id*).

Plaintiff further alleged that he was aware for the first time doctor that his eyesight in his left eye

was permanently lost on June 30, 2018 when he was informed by a medical doctor of that reality.

(Complaint, pp 7-8). Plaintiff alleged that as a direct and proximate result of the surgery, the

vision in his left eye has been damaged. (*Id*); *see also* (*id* at 9).

### B.    Procedural background.

On April 29, 2019, Plaintiff filed his civil rights action pursuant to 42 USC. § 1983

alleging state prison officials acts and omissions of the have subjected and continue to subject

him to cruel and unusual punishment and denial of due process, in violation of the Eighth and

Fourteenth Amendments to the United States Constitution.

On October 28, 2019, Defendant SUNG filed a Motion to Dismiss alleging that any claim

against Dr. Sung is "time-barred under the applicable two-year statute of limitations, *or alternatively*, under Rule 12(b)(2), because this Court does not have personal jurisdiction over Dr. Sung."

## III.   THE DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED

### A.   Standard of review in Fed. R. Civ. P. 12(b)(6) motion to dismiss.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint. *North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The Supreme Court has outlined a two-step process for lower courts to follow in assessing the allegations in a complaint under Rule 12. First, the court must determine which allegations in the complaint are conclusory and, therefore, are not entitled to the assumption of truthfulness normally accorded to allegations in a complaint. *Ashcroft v. Iqbal*, 556 US 662, 678 (2008). Second, the court must proceed to consider the remaining factual allegations, assuming them to be true, and determine whether they suggest a "plausible" claim for relief. *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 US at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 US 544, 556 (2007)). "In sum, for a complaint to survive a motion to dismiss the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the pleader to relief." *Moss v. US Secret Service*, 572 F3d 962, 969 (9th Cir. 2009).

If a claim is based on a proper legal theory but fails to allege sufficient facts, the Plaintiff should be afforded the opportunity to amend the complaint before dismissal. *Keniston v. Roberts*, 717 F2d 1295, 1300 (9th Cir 1983). If the claim is not based on a proper legal theory, the claim should be dismissed. *Id.* "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Moss*, 572 F3d at 972.

"A document filed *pro se* is 'to be liberally construed,' and a '*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 US 89 (2007)(per curiam)(quoting *Estelle v. Gamble*, 429 US 97 (1976)). The rule of liberal construction of *pro se* pleadings is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992).

### B.    Stating a claim under 42 USC. § 1983.

42 USC. § 1983 (1996) creates liability for:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]

In order to state a viable § 1983 claim a Plaintiff must plead that (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional right or a federal statutory right. *Parratt v. Taylor*, 451 US 527, 535 (1981). A defendant's conduct must have a close causal connection to a plaintiff's injury in order for § 1983 liability to attach. *Martinez v. California*, 444 US 277, 285 (1980).

### C.    Any claim against Defendant SUNG is not time-barred.

This Court can only rule in Defendant's favor on this issue if it "appears beyond doubt that the Plaintiff can prove no set of facts that would establish the timeliness of the claim."

Page 4 of 11 - PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

*Supermail Cargo, Inc. v. United States*, 68 F3d 1204, 1207 (9th Cir 1995). Generally, a complaint must be timely filed. The Civil Rights Act, 42 USC, §1983, contains no statute of limitations. "Thus, the federal courts [] apply the applicable period of limitations under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F2d 546, 547 (9th Cir 1981). In this case, the relevant statute is Oregon's 2-year tort statute of limitations in ORS 12.110. *See Gaston v. Parsons*, 318 Or 247, 255-56 (1994)(interpreting the ORS 12.110(4) 2-year tort statute of limitations, which is triggered by discovery of injury, to require more than "a mere suspicion" of an actionable injury).

Defendant SUNG argues that Plaintiff did not allege any "encounter with Dr Sung after April 2017[,]" (Defendant Charles C. Sung, MD's Motion to Dismiss Plaintiff's Complaint (Dismiss Motion), p 3), and that Plaintiff "was aware of having an injury to his left eye from the surgery by April 3, 2017 at the latest." (*Id*). Defendant points to Plaintiff's non-medical opinion statement that Plaintiff made to Defendant SUNG the day after the April 3, 2017 surgery that Plaintiff thought he was blind in his left eye, with Defendant SUNG's apparent deflection of blame on Plaintiff for "mov[ing] during the surgery." (*Id*).

Plaintiff's mere suspicion that Defendant SUNG may have acted with deliberate indifference was not enough to trigger the statute of limitations in this case. (Declaration Of JABBAR SACHET AL-KHAFAGI In Support Of Plaintiff's Response And Opposition To Defendant's Motion To Dismiss (Pl Decl), ¶¶ 8-9). Plaintiff's allegation was little more than what he *thought* may have occurred at that time as a lay person not trained in any medical sciences whatsoever. (*Id*.). Plaintiff did not learn that he was permanently blind until June 30, 2018, when he was seen by Silvio Gurdian, MD, of ECPS at 1309 Liberty Street, Salem, Oregon 97302-4245; Tel: (503) 585-2022, where the doctor informed Plaintiff, after a medical

examination that he was officially blind in his left eye. (Pl Decl, ¶10). Until the harm done by Defendant SUNG was realized by Plaintiff by confirmation from another doctor, Silvio Gurdian, MD, on June 30, 2018, Plaintiff was merely surmising. (Pl Decl, ¶ 8-9).

The fact remains that nothing in Plaintiff's medical records indicate that he was permanently blind in his left eye until June 30, 2018. In fact the "Provider's Returning Information" dated April 11, 2017 indicates that Plaintiff was "doing well," which does not indicate or connote blindness. (Exhibit 1, p 1). On April 26, 2017 the same notes "hemorrhage has decreased, but macular scar is present, which does not indicate or connote blindness to Plaintiff a non-medical lay person. (Exhibit 1, p 2). Further, there is nothing in Plaintiff's medical record that notes that Defendant SUNG informed Plaintiff that he would be permanently blind, or that that blindness was a result of his actions on April 2, 2017. Plaintiff cannot be held to that date based solely on Defendant SUNG's assertions to him.

Although Plaintiff's claims are rooted to events that took place on April 2, 2017, it is inequitable to bar Plaintiff who had no idea he has been harmed until June 30, 2018 from seeking redress. (Pl Decl, ¶ 10). The statute of limitations has generally been tolled by the "discovery rule." Under this rule, the statute only begins to run once a plaintiff has knowledge of the "critical facts" of his injury, which are "that he has been hurt and who has inflicted the injury." *United States v. Kubrick*, 444 US 111, 122 (1979). In addition to being a rule of Oregon law, *see*, e.g. , *Gaston v. Parsons*, 318 Or 247, 255-56 (1994), the discovery rule has been observed as a matter of federal law, *Kubrick*, 444 U.S. at 120.

There is a caveat to this rule though, in that Plaintiff must have been diligent in discovering the critical facts. As a result, a plaintiff who did not actually know that his rights were violated will be barred from bringing his claim after the running of the statute of

limitations, if he should have known in the exercise of due diligence. *See Herrera-Diaz v. United States*, 845 F2d 1534, 1537 (9th Cir 1988). But "what [a plaintiff] knew and when [he] knew it are questions of fact." *Simmons v. United States*, 805 F2d 1363, 1368 (9th Cir 1986). Here Plaintiff was extremely diligent submitting several requests to ODOC medical services for help discovering the reason he was having difficulties in his left eye, an adequate diagnosis, and treatment so that he could gain his eye sight in his left eye. (Exhibit 1, pp 3-21) (Pl Decl, ¶ 11). A trier of fact could find that a reasonable person, untrained in medicine, particularly the science of ophthalmology, would not necessarily have connected Plaintiff's symptoms to the Defendant SUNG's actions on April 2, 2017. This is so under the light of the obfuscation Plaintiff received about the prognosis of recovery in his left eye. It was not until his time with Dr. Silvio Gurdian on June 30, 2018 did Plaintiff learn that his eye sight loss in his left eye was permanent.

Plaintiff saw Defendant SUNG several additional times after April 2, 2017 where Plaintiff received inadequate medical attention also, Plaintiff thus raises a triable issue as to whether his section 1983 claims against Defendant SUNG were timely as will be further explained below.

### D.    Continuing Harm

Generally, a complaint must be timely filed. The Civil Rights Act, 42 USC, §1983, contains no statute of limitations. "Thus, the federal courts [] apply the applicable period of limitations under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F2d 546, 547 (9th Cir 1981). In this case, the relevant statute is Oregon's 2-year tort statute of limitations in ORS 12.110. *See Gaston v. Parsons*, 318 Or 247, 255-56 (1994)(interpreting the ORS 12.110(4) 2-year tort statute of limitations, which is triggered by discovery of injury, to require more than "a mere suspicion" of an actionable injury).

The continuing violation doctrine is an equitable doctrine designed "to prevent a defendant from using its earlier illegal conduct to avoid liability for later illegal conduct of the same sort." *O'Loghlin v. County of Orange*, 229 F.3d 871, 875 (9th Cir 2000). To establish a continuing violation, a plaintiff must show "a series of related acts against a single individual . . . that . . . 'are related closely enough to constitute a continuing violation.'" *Green v. Los Angeles County Superintendent of Schools*, 883 F2d 1472, 1480-81 (9th Cir1989)(quoting *Bruno v. Western Elec Co*, 829 F2d 957, 961 (10th Cir 1987)).

Here, Defendant's failure to inform Plaintiff of the nature and degree of the injury to his left eye for over a year, leading him to believe that they were taking steps to rectify Defendant SUNG's deliberate indifference resulted in a continuing harm to Plaintiff. (Pl Decl, p ___). *See Heard v. Sheahan*, 253 F3d 316, 318 (7th Cir 2001)(finding that continuous violation doctrine applied to defendants' deliberate indifference for the span of time that prison officials were aware of plaintiff's injury and allegedly refused to treat it); *Lavellee v. Listi*, 611 F2d 1129, 1132 (5th Cir 1980)("[T]he [arrestee's] allegation of a failure to provide needed and requested medical attention constitutes a continuing tort, which does not accrue until the date medical attention is provided."); *Neel v. Rehberg*, 577 F2d 262, 263-64 (5th Cir 1978)(per curiam)(finding that where inmate alleged that jail officials failed to provide medical treatment over a three-month period, the continuous violation doctrine applied and the statute of limitations did not begin to run until the end of that period); *see also Evans v. County of San Diego*, No, 06 CV 0877 JM (RBB), 2008 US Dist LEXIS 25054, 2008 WL 842459, at *12 (SD Cal Mar 27, 2008)(applying continuing violation doctrine to prisoner's Eighth Amendment medical treatment claim). *Martin v. Woodford*, No. 1:08-cv-0415 LJO SKO PC, 2010 US Dist LEXIS 69693, 2010 WL 2773235 at *4-*5 (ED Cal July 13, 2010), adopted by 2010 U.S. Dist. LEXIS 103820, 2010 WL 3853305

(ED Cal Sept 29, 2010), aff'd, 503 Fed Appx 530, 2013 WL 29792 (9th Cir 2013); *Barron v. Martel*, 2014 US Dist LEXIS 93421 (2014).

**E.    Jurisdiction over Defendant SUNG is conferred as a contract provider for ODOC.**

To state a claim under section 1983, Plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a "person acting under color of state law." *West v. Atkins,* 487 US 42, 48 (1988). "[S]ection 1983 only provides a remedy against persons acting under color of state law." *Ibrahim v. Dep't of Homeland Sec.*, 538 F3d 1250, 1257 (9th Cir 2008). "[S]tate employment is generally sufficient to render the defendant a state actor . . . ." *Lugar v. Edmondson Oil Co, Inc*, 457 US 922, 935 n18 (1982). On the other hand, private actors are presumed to be outside the scope of § 1983 as not acting under color of state law. *Florer v. Congregation Pidyon Shevuyim, N.A*, 639 F3d 916, 922 (9th Cir 2011). The ultimate issue in determining whether a person is subject to suit under §1983 is the same question posed in cases arising under the Eighth Amendment: is the alleged infringement of federal rights fairly attributable to the government?

"The Eighth Amendment imposes upon prison officials the duty to provide humane conditions of confinement; prison officials must ensure that prisoners receive adequate . . . medical care." *Peralta v. Dillard*, 744 F3d 1076, 1091 (9th Cir 2014)(citing *Farmer v. Brennan*, 511 US 825, 832 (1994). "The State's obligation remains even if it has contracted with private parties to provide medical care." *Braggs v. Dunn*, FSupp3d, No. CV-214-CV-601-MHTWO, 257 FSupp 3d 1171, 2017 US Dist LEXIS 98755, 2017 WL 2773833, at *8 (MD Ala June 27, 2017)(citing *West v. Atkins*, 487 US 42, 56 (1988)). "That is, the State is liable for the contractor's unconstitutional policies and practices if the contractor is allowed to determine policy either 'expressly or by default.'" *Ancata v. Prison Health Servs*, Inc, 769 F2d 700, 706

n11 (11th Cir 1985)(cited in *Braggs*, 2017 US Dist LEXIS 98755, 2017 WL 2773833, at *8). Moreover, it has long been established that "establish[ing] or utiliz[ing] a policy or custom requiring that inmates seek court orders to obtain medical services" is a basis for liability "if the result of that policy or custom played a role in any deliberate indifference to" an inmate's medical needs. Ancata, 769 F2d at 706 (citing *Berdin v. Duggan*, 701 F2d 909 (11th Cir 1983)).

Here, Plaintiff has alleged that Defendant SUNG has failed to provide Plaintiff adequate medical care and that the ODOC contracted with Defendant SUNG to provide health care services for Plaintiff. Accordingly, Defendant SUNG was acting under color of state law by way of his contract with the ODOC to provide medical services to prisoners.

## IV.    CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss should be denied.


DATED this 4th day of February, 2020.

Jabbar Sachet Al-Khafagi #10877333
3405 Deer Park Drive SE
Salem, OR 97310
        Plaintiff, *pro se*




## PROVIDER'S RETURNING INFORMATION

Diagnosis and Findings  *Pt Retina flat doing well*

Provider's Recommendations / Orders (Do not mention any specific follow up dates or times to the inmate/patients for security reasons)   *Add Acular 0.5% TID OS*

Community Provider's Signature: _____   Date: _4-11-17_

**PLEASE REMEMBER TO SEND/ FAX A COPY OF YOUR WRITTEN REPORT TO THE REFERRING ODOC PHYSICIAN**

| MEDICATION NAME | WHICH EYE | HOW OFTEN TO USE | WHAT IT IS FOR |
|---|---|---|---|
| Prednisolone | Left | 2x/day | |
| Acular | Left | 3x/day | |
| B. Timolol | Left | 2x/day | |
| | | | |
| | | | Copy to pt 4-11-17 AM |
| | | From Dr Sung office 4-11-17 | |
| | | | |

Comments  *Contacted Dr Sung on 4-11-17 Okay to substitute Rx Diclofenac for Acular*

ODOC Provider  _4/11/17 JY_   Date: _____




## PROVIDER'S RETURNING INFORMATION

Diagnosis and Findings:

Hemorrage has decreased, but macular scar is present in left eye.

Provider's Recommendations / Orders **(Do not mention any specific follow up dates or times to the inmate/patients for security reasons):**

follow up with Dr. Evers in 1 week and return for us in 2-3 weeks for an office visit.

Community Provider's Signature: _____    Date: 4/28/17

**PLEASE REMEMBER TO SEND/ FAX A COPY OF YOUR WRITTEN REPORT TO THE REFERRING ODOC PHYSICIAN**

---

## POST CONSULT DOC COMMENT SECTION (Institution Use Only)

○ Community Provider Orders Reviewed by Nursing with ODOC Provider for Urgent Needs:
    ☐ No Urgent Needs        ☐ Urgent Needs, Orders Transcribed

ODOC Nursing Signature: _____    Date: 04\28\2017    Time: _____

○ Orders Approved

○ Orders Denied

○ To TLC

Comments: _____

ODOC Provider: _____    Date: _____

CD 491 H Revised 9-2016

# NON-EMERGENCY HEALTH CARE REQUEST

| | | | |
|---|---|---|---|
| Al-Khafagi Jabbar | 1087773 | 13-21 | 11/24/19 |
| **Name** | **State ID#** | **Housing** | **Date** |

**Medications:**
- ☐ I have not received my prescription
- ☐ My prescription is about to expire
- ☐ My prescription is not helping

**Glasses**
- ☐ Eye exam for glasses
- ☐ Repair

**Vaccines**
- ☐ Hepatitis A/B
- ☐ Flu
- ☐ Pneumonia
- ☐ Shingles
- ☐ HIV Test
- ☐ Hepatitis C Test

**Other Function**
- ☐ BP check
- ☐ Test result request
- ☐ Is my appointment still scheduled?
- ☐ Other issues – not sick: _____

Health Care request, issue, concern, or sickness: I see a white spot in my left eye and I would like to have it checked out.

_Jahta_

We have taken the following actions in response to your health service request:

☑ You will be scheduled to see: ○ Provider  ☑ Nursing staff

☐ Your request has been forwarded to: ○ Manager  ○ Optometry  ○ Support Services  ○ BHS
○ Pharmacy Technician ○ See attached health education handout

Additional Comments: Nurse call out scheduled for tomorrow.

Responder's Signature: K Roper RN          Date: 11/24/19

# NON-EMERGENCY HEALTH CARE REQUEST

| | | | | |
|---|---|---|---|---|
| Al-Khafaji   Jabbar | 10877333 | 13-21 | 9-8-19 | |
| **Name** | **State ID#** | **Housing** | **Date** | |

**Medications:**
☐ I have not received my prescription
☐ My prescription is about to expire
☐ My prescription is not helping

**Glasses**
☐ Eye exam for glasses
☐ Repair

**Vaccines**
☐ Hepatitis A/B
☐ Flu
☐ Pneumonia
☐ Shingles
☐ HIV Test
☐ Hepatitis C Test

**Other Function**
☐ BP check
☐ Test result request
☐ Is my appointment still scheduled?

☐ Other issues – not sick:
_____
_____

Health Care request, issue, concern, or sickness:
My eye is watery/itchy/and painful. Please help me?

---

We have taken the following actions in response to your health service request:

☑ You will be scheduled to see: ○ Provider   ☑ Nursing staff

☐ Your request has been forwarded to: ○ Manager   ○ Optometry   ○ Support Services   ○ BHS
○ Pharmacy Technician   ○ See attached health education handout

Additional Comments: _____
Sick call

Responder's Signature: _____   Date: 9/9/19

DEPRIMED
SEP 09 2019
By_____

Case 2:19-cv-00669-AN    Document 32    Filed 02/07/20    Page 15 of 32
Al-Khafagi v. Kelly, et al, 2:19-CV-0669-MO
Page 5 of 21
Exhibit 1

# NON-EMERGENCY HEALTH CARE REQUEST

AL Khafagi    Jabbar    10877333    13-21B    7-1-

| Name | State ID# | Housing | Date |

**Medications:**
- ☐ I have not received my prescription
- ☐ My prescription is about to expire
- ☐ My prescription is not helping

**Glasses**
- ☐ Eye exam for glasses
- ☐ Repair

**Vaccines**
- ☐ Hepatitis A/B
- ☐ Flu
- ☐ Pneumonia
- ☐ Shingles
- ☐ HIV Test
- ☐ Hepatitis C Test

**Other Function**
- ☐ BP check
- ☐ Test result request
- ☐ Is my appointment still scheduled?

☐ Other issues – not sick:
_____
_____

**Health Care request, issue, concern, or sickness:**

I need to be seen for eye pain, redness and Itching.

Thank you

Received
JUL 01 2019

**We have taken the following actions in response to your health service request:**

☑ You will be scheduled to see: ⊙ Provider    ◯ Nursing staff

☐ Your request has been forwarded to: ◯ Manager    ◯ Optometry    ◯ Support Services    ◯ BHS
◯ Pharmacy Technician  ◯ See attached health education handout .

Additional Comments: _____
_____
_____
_____
_____

Responder's Signature: _____LewisC_____ RN    Date: 7/1/19

CD 1738 9/2016

Case 2:19-cv-00669-AN    Document 32    Filed 02/07/20    Page 16 of 32
*Al-Khafagi King, et al,* 2:19-CV-0669-MO
Page 6 of 21
Exhibit 1

# NON-EMERGENCY HEALTH CARE REQUEST

AL-khafagi Jabbar    10877333    13-21B    6-23-

| Name | State ID# | Housing | Date |
|------|-----------|---------|------|

## Medications:
☐ I have not received my prescription
☐ My prescription is about to expire
☐ My prescription is not helping

## Glasses
☐ Eye exam for glasses
☐ Repair

## Vaccines
☐ Hepatitis A/B
☐ Flu
☐ Pneumonia
☐ Shingles
☐ HIV Test
☐ Hepatitis C Test

## Other Function
☐ BP check
☐ Test result request
☐ Is my appointment still scheduled?

☐ Other issues – not sick:
_____
_____

## Health Care request, issue, concern, or sickness:

I need Medical attention to my left eye, pain, itchy, redness at bed time.

## We have taken the following actions in response to your health service request:

☑ You will be scheduled to see: ○ Provider    ✓ Nursing staff

☐ Your request has been forwarded to: ○ Manager    ○ Optometry    ○ Support Services    ○ BHS
○ Pharmacy Technician    ○ See attached health education handout

Additional Comments: _____

Scheduled Sickcall

RECEIVED
JUN 23 2019
By

RECEIVED
JUN 23 2019
By

Responder's Signature: _____    Date: 6/23/19

# NON EMERGENCY HEALTH CARE REQUEST

AL-Khafaji, Jabbar        108 77333        13-7B        4-2-19

**Name**                    **State ID#**              **Housing**              **Date**

**Medications:**
☐ I have not received my prescription
☐ My prescription is about to expire
☐ My prescription is not helping

**Glasses**
☐ Eye exam for glasses
☐ Repair

**Vaccines**
☐ Hepatitis A/B
☐ Flu
☐ Pneumonia
☐ Shingles
☐ HIV Test
☐ Hepatitis C Test

**Other Function**
☐ BP check
☐ Test result request
☐ Is my appointment still scheduled?

☐ Other issues – not sick:
_____
_____

Health Care request, issue, concern, or sickness:

I need to see a doctor to look at my left eye
because I have very severe pain, very Itchy
and tears keep comming out of it.

_____
_____
_____
_____
_____
_____

We have taken the following actions in response to your health service request:

☒ You will be scheduled to see: ☐ Provider    ☐ Nursing staff

☐ Your request has been forwarded to: ☐ Manager    ☐ Optometry    ☐ Support Services    ☐ BHS
                                      ☐ Pharmacy Technician    ☐ See attached health education handout

Additional Comments: _____ you have an upcomming appt _____
_____
_____
_____
_____

Responder's Signature: _____ R. Muray RN _____ Date: 4/26/19

Received

Case 2:19-cv-0669R MO Document 87 Filed 02/21/20 Page 18 of 32
Al-Khafagi-Jabbar, et al, 2:19-CV-0669-MO
Page 9 of 21
Exhibit 1

# NON-EMERGENCY HEALTH CARE/REQUEST

| Al-Khafagi-Jabbar S | 10877333 | 13-7B | 4-28 |
|---|---|---|---|
| **Name** | **State ID#** | **Housing** | **Date** |

**Medications:**
☐ I have not received my prescription
☐ My prescription is about to expire
☐ My prescription is not helping

**Glasses**
☐ Eye exam for glasses
☐ Repair

**Vaccines**
☐ Hepatitis A/B
☐ Flu
☐ Pneumonia
☐ Shingles
☐ HIV Test
☐ Hepatitis C Test

**Other Function**
☐ BP check
☐ Test result request
☐ Is my appointment still scheduled?
☐ Other issues – not sick:
_____
_____
_____

**Health Care request, issue, concern, or sickness:**

I need to see the eye Doctor, for emergency because I feel that the sickness defect in my left eye has moved to my good right eye, I know that I had an appointment with an out side eye specialist but Doctor Balogonn Informed me that the appointment was cancelled and she gave me an EYE multi-Action Eye Allergy relief (Visine because she thinks I have Alergy in my eye and infact I had 2 surgeries in the left eye and not Alergies.

**We have taken the following actions in response to your health service request:**

☐ You will be scheduled to see: ○ Provider    ○ Nursing staff

☐ Your request has been forwarded to: ○ Manager    ○ Optometry    ☒ Support Services    ○ BHS
   ○ Pharmacy Technician ○ See attached health education handout

Additional Comments: You are scheduled.
_____
_____
_____
_____
_____

Received
APR 28 2019

Responder's Signature: M. G.   GreenM   OS2    Date: 4/29/19

CD 1738 9/2016

# NON-EMERGENCY HEALTH CARE REQUEST

AL Khafaji    Jabbar  10877333    13-7B    3-27
**Name**    **State ID#**    **Housing**    **Date**

## Medications:
☐ I have not received my prescription
☐ My prescription is about to expire
☐ My prescription is not helping

## Glasses
☐ Eye exam for glasses
☐ Repair

## Vaccines
☐ Hepatitis A/B
☐ Flu
☐ Pneumonia
☐ Shingles
☐ HIV Test
☐ Hepatitis C Test

## Other Function
☐ BP check
☐ Test result request
☐ Is my appointment still scheduled?
☐ Other issues – not sick:
_____
_____

## Health Care request, issue, concern, or sickness:

I need eye drop (Pharma) Brand name Prednisolone (pred forte) 1% 10 mL to help with my eye pain.

Thank you

Received
MAR 27 2019

## We have taken the following actions in response to your health service request:

☐ You will be scheduled to see: ○ Provider    ○ Nursing staff

☐ Your request has been forwarded to: ○ Manager    ○ Optometry    ○ Support Services    ○ BHS
○ Pharmacy Technician    ○ See attached health education handout

Additional Comments: _____

YOU HAVE BEEN SCHEDULED
3/27/19

Responder's Signature: _____    Date: _____

# NON-EMERGENCY HEALTH CARE REQUEST

*et al*, 2:19-CV-0669-MO
Page 10 of 21
Exhibit 1

Al-Khafaji, Jabbar    1087 7333    13-7-B    1/1/19

**Name**      **State ID#**      **Housing**      **Date**

**Medications:**
☐ I have not received my prescription
☐ My prescription is about to expire
☐ My prescription is not helping

**Glasses**
☐ Eye exam for glasses
☐ Repair

**Vaccines**
☐ Hepatitis A/B
☐ Flu
☐ Pneumonia
☐ Shingles
☐ HIV Test
☐ Hepatitis C Test

**Other Function**
☐ BP check
☐ Test result request
☐ Is my appointment still scheduled?

☐ Other issues – not sick:
_____
_____
_____

**Health Care request, issue, concern, or sickness:**

I need my left eye repaired or replaced. I have been having a lot of pain and irritation in and around my left eye. Dr. Sung screwed up my left eye when he tried to ameliorate the scar he left on my left eye during my original cataract surgery. I believe Dr. Sung was negligent and/or deliberately indifferent when he did both surgeries on me. I need O.D.O.C. to get me an appointment with the Casey Eye Institute so they can figure out the proper way to make my left eye good again.

THANK YOU

**We have taken the following actions in response to your health service request:**

☐ You will be scheduled to see: ○ Provider    ○ Nursing staff

☐ Your request has been forwarded to: ○ Manager    ○ Optometry    ○ Support Services    ○ BHS
                   ○ Pharmacy Technician ○ See attached health education handout

**Additional Comments:** _____

YOU HAVE BEEN SCHEDULED

1/11/19

**Responder's Signature:** _____ **Date:** _____

CD 1738 9/2016

*All-Khafagi v. Sung, et al,* 2:19-CV-0669-MO
Page 11 of 21
Exhibit 1

# PETICIÓN DE ASISTENCIA MÉDICA NO-URGENTE

Al-Khafagi, J            10877333            13-7            12-10-18

Nombre                 Numero Estatal              Vivienda          Fecha

**Medicamentos:**
☐ No he recibido mi receta
☐ Mi receta esta por vencer
☐ Mi receta no me está ayudando

**Glasses**
☐ Examen ocular de ojos
☐ Reparación

**Vacunas**
☐ Hepatitis A/B
☐ Gripe
☐ Pulmonía
☐ Culebrilla
☐ Prueba de VIH
☐ Prueba de Hepatitis C

**Otra función**
☐ Revisión de tensión arterial
☐ Petición para resultados de prueba
☐ ¿Todavía tengo una cita prevista?
☐ Otras preguntas que no son para asistencia médica:
_____
_____

**Petición de asistencia médica, cuestión, preocupación, o enfermedad:**

I want to talk to Dr Bristol, about the great pain in my eye.

_____

Received

DEC 1 0 2018

**Hemos tomado las siguientes acciones en respuesta a su petición de servicio médico:**

☐ Usted será programado para ver a: ○ Abastecedor medico   ○ Enfermeras

☐ Su petición ha sido expedida a: ○ La gerencia   ○ Optometría   ○Servicios de apoyo   ○ Salud mental
                            ○Técnico de farmacia   ○ Ver el folleto de educación sanitaria atado

Comentarios Adicionales: _____

Scheduled with provider this week

Firma de Respondiente: _____ Fecha: _____

CD 1738 SP  9/16

# NON-EMERGENCY HEALTH CARE REQUEST

AL-Khafaji          1087735          B-7B          11/29

**Name** _____  **State ID#** _____  **Housing** _____  **Date** _____

**Medications:**
☐ I have not received my prescription
☐ My prescription is about to expire
☐ My prescription is not helping

**Glasses**
☐ Eye exam for glasses
☐ Repair

**Vaccines**
☐ Hepatitis A/B
☐ Flu
☐ Pneumonia
☐ Shingles
☐ HIV Test
☐ Hepatitis C Test

**Other Function**
☐ BP check
☐ Test result request
☐ Is my appointment still scheduled?

☐ Other issues – not sick:
_____
_____

Health Care request, issue, concern, or sickness:

I need to see someone about my
eye it hurts.

RECEIVED
NOV 30 2018

We have taken the following actions in response to your health service request:

☐ You will be scheduled to see: ○ Provider      ○ Nursing staff

☐ Your request has been forwarded to: ○ Manager      ○ Optometry   ○ Support Services   ○ BHS
                              ○ Pharmacy Technician  ○ See attached health education handout

Additional Comments: _____

Scheduled with provider
12/3 18.

Responder's Signature: _____ Shira R ___ Date: __ 11-30-18

# NON-EMERGENCY HEALTH CARE REQUEST

Al-Khafagi; Tabbar     10877333     13-7     11-26-18

**Name**     **State ID#**     **Housing**     **Date**

**Medications:**
☐ I have not received my prescription
☐ My prescription is about to expire
☐ My prescription is not helping

**Glasses**
☐ Eye exam for glasses
☐ Repair

**Vaccines**
☐ Hepatitis A/B
☐ Flu
☐ Pneumonia
☐ Shingles
☐ HIV Test
☐ Hepatitis C Test

**Other Function**
☐ BP check
☐ Test result request
☐ Is my appointment still scheduled?

☐ Other issues – not sick:
_____
_____

**Health Care request, issue, concern, or sickness:**

I need to see someone about my eye-pressure (it hurts).

_____

Received

NOV 27 2018

RECEIVED

NOV 28 2018

**We have taken the following actions in response to your health service request:**

☐ You will be scheduled to see: ⦿ Provider    ○ Nursing staff

☐ Your request has been forwarded to: ○ Manager    ○ Optometry    ○ Support Services    ○ BHS
     ○ Pharmacy Technician ○ See attached health education handout

**Additional Comments:** _____

_____

**Responder's Signature:** _____ RN Lewis C _____ **Date:** 11/28/18

CD 1738 9/2016

Case 2:19-cv-00669-AN   Document 32   Filed 02/07/20   Page 24 of 32
*Al-Khafagi v. Sung, et al*, 2:19-CV-0669-MO
Page 14 of 21
Exhibit 1

# NON-EMERGENCY HEALTH CARE REQUEST

E.

Al-Khafagi   Jabbar | 0877333   13-1-B   6-19

| Name | State ID# | Housing | Date |

## Medications:
☐ I have not received my prescription
☐ My prescription is about to expire
☐ My prescription is not helping

## Glasses
☐ Eye exam for glasses
☐ Repair

## Vaccines
☐ Hepatitis A/B
☐ Flu
☐ Pneumonia
☐ Shingles
☐ HIV Test
☐ Hepatitis C Test

## Other Function
☐ BP check
☐ Test result request
☐ Is my appointment still scheduled?

☐ Other issues – not sick:
_____
_____

Health Care request, issue, concern, or sickness:

MY EYES ARE HURTING. AND I CAN'T SEE WELL
IN THE MORNING.

We have taken the following actions in response to your health service request:

☐ You will be scheduled to see: ○ Provider     ○ Nursing staff

☐ Your request has been forwarded to: ○ Manager     ○ Optometry   ○ Support Services   ○ BHS
                              ○ Pharmacy Technician ○ See attached health education handout

Additional Comments: _____

~~YOU HAVE BEEN SCHEDULED~~

Received

JUN 1 9 2018

Responder's Signature: _____     Date: _____

Case 2:19-cv-00669-AN    Document 32    Filed 02/07/20    Page 25 of 32
Al-Khataqi v Song, et al, 2:19-CV-0669-MO
Page 15 of 21
Exhibit 1

# NON-EMERGENCY HEALTH CARE REQUEST

| | | | |
|---|---|---|---|
| *Al-Kh...* | *108...* | *13-1* | *6 ... /* |
| **Name** | **State ID#** | **Housing** | **Date** |

**Medications:**
☐ I have not received my prescription
☐ My prescription is about to expire
☐ My prescription is not helping

**Glasses**
☐ Eye exam for glasses
☐ Repair

**Vaccines**
☐ Hepatitis A/B
☐ Flu
☐ Pneumonia
☐ Shingles
☐ HIV Test
☐ Hepatitis C Test

**Other Function**
☐ BP check
☐ Test result request
☐ Is my appointment still scheduled?
☐ Other issues – not sick:
_____
_____

Health Care request, issue, concern, or sickness:

(1) When I go to the eye specialist I would like to take my ___ some of
paperwork or history of my eye surgery.

(2) Is there going to be an Arabic Interpreter?

We have taken the following actions in response to your health service request:

☐ You will be scheduled to see: ○ Provider    ○ Nursing staff

☐ Your request has been forwarded to: ○ Manager    ○ Optometry    ○ Support Services    ○ BHS
○ Pharmacy Technician    ○ See attached health education handout

Additional Comments: (1) What paperwork are you wanting to take?
We have paperwork that will accompany you to your appt.

(2) I do not believe so, we can discuss this further
at your next appt here.

Responder's Signature: _____ 6/13/18 SPotto _____ Date: 6/13/18

**Received**
**JUN 08 2018**

CD 1738 9/2016

Case 2:19-cv-00669-AN    Document 32    Filed 02/07/20    Page 26 of 32
*Al-Khafagi v. Sapp, et al*, 2:19-CV-0669-MO
Page 16 of 21

# NON-EMERGENCY HEALTH CARE REQUEST

Al-Khafagi J          10877333          13—1          6—7-18    Exhibit 1

**Name**      **State ID#**      **Housing**      **Date**

**Medications:**
☐ I have not received my prescription
☐ My prescription is about to expire
☐ My prescription is not helping

**Glasses**
☐ Eye exam for glasses
☐ Repair

**Vaccines**
☐ Hepatitis A/B
☐ Flu
☐ Pneumonia
☐ Shingles
☐ HIV Test
☐ Hepatitis C Test

**Other Function**
☐ BP check
☐ Test result request
☐ Is my appointment still scheduled?

☐ Other issues – not sick:
_____
_____

Health Care request, issue, concern, or sickness:

My Right Eye, when I wake up, I only see shadows. After a few hours, I can see a little better, But my Right Eye hurts all day.

**We have taken the following actions in response to your health service request:**

☐ You will be scheduled to see: ○ Provider     ○ Nursing staff

☐ Your request has been forwarded to: ○ Manager    ○ Optometry   ○ Support Services   ○ BHS
         ○ Pharmacy Technician ○ See attached health education handout

Additional Comments: _____
Seen by Dr Bristol 6/6/18
use eye drops as ordered.

Responder's Signature: _____ Date: 6/7/18

RECEIVED
JUN 07 2018
By _____

CD 1738 9/2016

Al-Khatani v. Song, et al, 2:19-CV-0669-MO

# NON-EMERGENCY HEALTH CARE REQUEST

Page 17 of 21

Al-Khatani  Jabbar              10897333       13-1        6-2-18    Exhibit 1
**Name**                        **State ID#**   **Housing**   **Date**

## Medications:
☐ I have not received my prescription
☐ My prescription is about to expire
☐ My prescription is not helping

## Glasses
☐ Eye exam for glasses
☐ Repair

## Vaccines
☐ Hepatitis A/B
☐ Flu
☐ Pneumonia
☐ Shingles
☐ HIV Test
☐ Hepatitis C Test

## Other Function
☐ BP check
☐ Test result request
☐ Is my appointment still scheduled?

☐ Other issues – not sick:
_____
_____

**Health Care request, issue, concern, or sickness:**

My R eye is red and hurts. Especially in the morning.

_____

## We have taken the following actions in response to your health service request:

☑ You will be scheduled to see: ○ Provider   ☑ Nursing staff

☐ Your request has been forwarded to: ○ Manager    ○ Optometry   ○ Support Services   ○ BHS
                                      ○ Pharmacy Technician ○ See attached health education handout

Additional Comments: _____

                          Sick Call

Responder's Signature: _____L. murry_____    Date: 6-2-18

**Received**
JUN  2 2018

CD 1738 9/2016

# NON-EMERGENCY HEALTH CARE REQUEST

| Al-Khaagu, Tasbih | 10223 | 13-1 | 5 2 |
|---|---|---|---|
| **Name** | **State ID#** | **Housing** | **Date** |

## Medications:
☐ I have not received my prescription
☐ My prescription is about to expire
☐ My prescription is not helping

## Glasses
☐ Eye exam for glasses
☐ Repair

## Vaccines
☐ Hepatitis A/B
☐ Flu
☐ Pneumonia
☐ Shingles
☐ HIV Test
☐ Hepatitis C Test

## Other Function
☐ BP check
☐ Test result request
☐ Is my appointment still scheduled?

☐ Other issues – not sick:
_____
_____

## Health Care request, issue, concern, or sickness:

Dr. Bristol, we have talked about my eye and not being able to see
from the time I had the surgery, while I was at TRCI

I need to see an eye specialist?

My eyesight (left) was damaged because of the place that
ODOC sent me to. I want TRCI to approve me to be seen at the
Casey Eye Clinic (Portland) or some other specialist.

*Received MAY 28 2018*

## We have taken the following actions in response to your health service request:

☐ You will be scheduled to see: ○ Provider    ○ Nursing staff

☐ Your request has been forwarded to: ○ Manager    ○ Optometry    ○ Support Services   ○ BHS
                    ○ Pharmacy Technician ○ See attached health education handout

Bris.

Additional Comments: _____

YOU HAVE BEEN SCHEDULED

5/28/18

Responder's Signature: _____    Date: _____

CD 1738 9/2016

Case 2:19-cv-00669-AN    Document 32    Filed 02/07/20    Page 29 of 32
*al-khafagi v. Song et al*, 2:19-CV-0669-MO
Page 19 of 21

# NON-EMERGENCY HEALTH CARE REQUEST

Exhibit 1

**Name** Al-Khafagi, J.    **State ID#** 10877333    **Housing** 13-1    **Date** 5-26-18

**Medications:**
- ☐ I have not received my prescription
- ☐ My prescription is about to expire
- ☐ My prescription is not helping

**Glasses**
- ☐ Eye exam for glasses
- ☐ Repair

**Vaccines**
- ☐ Hepatitis A/B
- ☐ Flu
- ☐ Pneumonia
- ☐ Shingles
- ☐ HIV Test
- ☐ Hepatitis C Test

**Other Function**
- ☐ BP check
- ☐ Test result request
- ☐ Is my appointment still scheduled?
- ☐ Other issues – not sick:
  _____
  _____

Health Care request, issue, concern, or sickness:

Am I scheduled to see the eye-specialist?

I need to see him?

Received

MAY 27 2018

We have taken the following actions in response to your health service request:

☐ You will be scheduled to see: ○ Provider    ○ Nursing staff

☐ Your request has been forwarded to: ○ Manager    ○ Optometry    ○ Support Services    ○ BHS
○ Pharmacy Technician  ○ See attached health education handout

Additional Comments: _____ You are not scheduled at this time.

5/27/18

Responder's Signature: _____    Date: _____

Case 2:19-cv-00669-AN   Document 32   Filed 02/07/20   Page 30 of 32
*Ali-Khafagi v. Sung, et al,* 2:19-CV-0669-MO
Page 20 of 21
Exhibit 1

## OREGON DEPARTMENT OF CORRECTIONS

## INMATE COMMUNICATION FORM

TO: Medical Records _____ Date: 12.19.17

State your issue in detail: Can I please get copies of my records regarding my visit with Dr. Sung (Charles Sung) optical surgeon. This visit was on 5.18.17. ~~Dr. Steve Evers~~ The copies I was sent were from Dr. Steve Evers not Dr. Charles Sung.

| Inmate Committed Name (first middle last) | SID# | Housing Unit |
|---|---|---|
| Al-Khafagi Jabbar | 10977333 | 5-24 B |

Response/Action Taken: _____

The health referral outside agency sheet has the notes from DR Sung. The providers Recommendation on the second page is written and signed by DR Sung. The bottom part of the page is signed by DR Evers as he reviewed the notes written above by DR Sung. You have received the notes you requested.

Date Received: _____ Referred To*: _____

Date Answered: DEC 2 0 2017  12/21/17   Signature of Staff Member: Louisiana Medric

'If forwarded, please notify the inmate

CD 214 (12/04)

Case 2:19-cv-00669-AN    Document 32    Filed 02/07/20    Page 31 of 32
*Al-Khafagi v. Sims, et al*, 2:19-CV-0669-MO
Page 21 of 21
Exhibit 1

# NON-EMERGENCY HEALTH CARE REQUEST

AL KHAFAGI, JABBAR ___ 10877333 ___ 5-24B ___ 12-13-17

**Name**      **State ID#**      **Housing**      **Date**

REC'D DEC 14 2017

**Medications:**
☐ I have not received my prescription
☐ My prescription is about to expire
☐ My prescription is not helping

**Glasses**
☐ Eye exam for glasses
☐ Repair

**Vaccines**
☐ Hepatitis A/B
☐ Flu
☐ Pneumonia
☐ Shingles
☐ HIV Test
☐ Hepatitis C Test

**Other Function**
☐ BP check
☐ Test result request
☐ Is my appointment still scheduled?

☐ Other issues – not sick:
_____
_____

**Health Care request, issue, concern, or sickness:**

MY EYES ARE VERY SENSITIVE AND PAINFUL. I WOULD LIKE TO BE
EXAMINED AT SICK CALL TO SEE MY PROVIDER. I AM ALSO
HAVING SEVERE BACK PAIN.

---

**We have taken the following actions in response to your health service request:**

☐ You will be scheduled to see: ○ Provider    ☒ Nursing staff

☐ Your request has been forwarded to: ○ Manager    ○ Optometry   ○ Support Services   ○ BHS
         ○ Pharmacy Technician ○ See attached health education handout

**Additional Comments:** _____
you have appt already for your back pain
your Scheduled to have your eye checked in Sickcall

SICK CALL

**Responder's Signature:** _Schodere_      **Date:** 12-14-15

## CERTIFICATE OF SERVICE AND FILING

I hereby certify that I filed and served a true copy of the foregoing document on the following parties this 4th day of February, 2020, by placing all in a sealed envelope, postage prepaid and deposited the same in the US Postal Service.

Department of Justice
Attn: Robert Sullivan, Senior Assistant Attorney General
1162 Court Street, NE
Salem, Oregon 97301

Lindsay Harp, LLP
Attn: Matteo J. Leggett, Attorney at Law
1300 SW Fifth Ave., Suite 3400
Portland, Oregon 97201-5640


Jabbar Sachet Al-Khafagi
3405 Deer Park Drive SE
Salem, OR 97310
        Plaintiff, *pro se*