IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JABBAR SACHET AL-KHAFAGI,

    Plaintiff,

v.

**CHARLES C. SUNG**, M.D.; **(FNU) CRITES**,
Oregon State Correctional Institution (OSCI),
Registered Nurse (RN); **LORRETTA IRVING**,
OSCI Medical Services Manager;
**CHRISTOPHER DIGIULIO**,
Oregon Department of Corrections (ODOC) Medical Director;
**JOE BUGHER**, ODOC Health Services Administrator;
**JOHN AND JANE DOES 1-20**.

    Defendants.

No. 2:19-cv-00669-MO

OPINION AND ORDER

**MOSMAN, J.,**

    Defendant Charles C. Sung (Dr. Sung) filed a Motion to Dismiss Plaintiff's Complaint [ECF 21] on October 28, 2019. In the motion, Dr. Sung argues that this complaint should be dismissed with respect to him for two reasons. First, he argues that Plaintiff's claims fall outside the statute of limitations. *Id.* at 5. Second, he argues that this court does not have personal jurisdiction over him. *Id.* at 7. I find that the latter issue is dispositive, and I resolve the motion on that issue alone. Accordingly, I DISMISS the claims against Dr. Sung for lack of personal jurisdiction, with leave to refile in the Eastern District of Washington.

//

1 – OPINION AND ORDER

## INTRODUCTION

Plaintiff is an inmate in custody of the Oregon Department of Corrections. Compl. [ECF 2] ¶ 4. Dr. Sung is a physician employed at the Retina Laser Eye Center & ASC in Kennewick, Washington. *Id.* ¶ 5; Mot. to Dismiss [21] at 3. Plaintiff alleges that Dr. Sung performed surgery on his eye and that the surgery left him permanently blind in the eye that Dr. Sung operated on. Compl. [2] ¶¶ 25-27. He has brought suit against Dr. Sung and a number of employees of the Oregon DOC, alleging claims pursuant to 42 U.S.C. § 1983 for violations of his right to be free from cruel and unusual punishment and his right to due process. Compl. [2] at 11-12.

## DISCUSSION

Dr. Sung contends that this court does not have personal jurisdiction over him because he is not subject to general jurisdiction in Oregon, and he has not taken any action that would render him subject to specific personal jurisdiction here. Mot. to Dismiss [ECF 21] at 8-10. For his part, Plaintiff argues this court has jurisdiction over Dr. Sung because he is a "state actor" for purposes of § 1983 by virtue of his relationship with the Oregon DOC. Pl. Resp. [ECF 32] at 9-10. For the reasons explained below, I agree with Dr. Sung.

The Ninth Circuit has adopted a three-part test to determine when a district court may exercise specific jurisdiction:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable.

*Panavision*, 141 F.3d at 1320 (citing *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995)). In this case, Plaintiff has not met his burden to prove the first prong of this test, and his claim therefore fails.

The "purposeful availment" requirement protects against a nonresident defendant being brought into court based on "random, fortuitous, or attenuated" contacts with the forum state. *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). The requirement is satisfied if the defendant has taken deliberate action within the forum state or has created continuing obligations to forum residents. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). "It is not required that a defendant be physically present within, or have physical contacts with, the forum, provided that his efforts are purposefully directed toward forum residents." *Id.* (citation omitted). An out of state act having an effect within the forum is sufficient to constitute purposeful availment. *Id.* (citing *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1399 (9th Cir. 1986)).

Plaintiff has presented no evidence to show that Dr. Sung had any relationship with the Oregon DOC. Dr. Sung is not an employee of the department, does not contract with it, is not licensed to practice medicine in Oregon, and apparently has no business relationship at all with Oregon DOC. Sung Decl. [ECF 22] at 2. There is no evidence that he solicited referrals from the Oregon DOC or advertised in some way that would attract prison-based clients. In fact, there is no evidence that Dr. Sung took any affirmative action at all to create any relationship with the State of Oregon or Oregon DOC. The fact that he operated on an Oregon resident in Washington is not sufficient to confer personal jurisdiction in Oregon. Without some showing that Dr. Sung at least sought the business of Oregon DOC in general, or Plaintiff in particular, Plaintiff has failed to make any such showing. Finally, the question whether a person is a "state actor" relates to whether Plaintiff has stated a proper § 1983 claim. It does not answer the question of whether personal jurisdiction will lie.

//

## CONCLUSION

I conclude that this court does not have personal jurisdiction over Dr. Sung. I therefore DISMISS this case as to him, with leave to refile in the Eastern District of Washington.[1]

IT IS SO ORDERED.

DATED this 5 day of March, 2020.

                                                                    MICHAEL W. MOSMAN
                                                                    United States District Judge

---

[1] Kennewisk, Washington is in Benton County, Washington, and is therefore located in the Eastern District of Washington.